*Formatted for Electronic Distribution*                                                      *Not for Publication*

Filed & Entered
On Docket
November 13, 2007

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

_____

In re:
    **David T. Punia,**                                          Chapter 13 Case
        **Debtor.**                                             # 07-10342
_____

*Appearances:*   *David W. Lynch, Esq.*                      *Will Severn Baker, Esq.*
                     *Burlington, VT*                             *Montpelier, VT*
                     *Attorney for Debtor*                        *Assistant Attorney General*
                                                                                                                 *Vermont Department of Taxes*

**MEMORANDUM OF DECISION**
**DENYING DEBTOR'S MOTION FOR TURNOVER**

      The Debtor filed a motion seeking a Court order directing the State of Vermont to turn over to the bankruptcy estate the sum of $5,878.32 for an alleged overpayment of taxes, pursuant to 11 U.S.C. § 542 (doc. # 29). The State opposed the relief on the ground that the statute of limitations for claiming a refund for overpayment expired pre-petition and therefore neither the Debtor nor the estate currently had any right to, or interest in, such a claim against the State (doc. # 33). At an October 25, 2007 hearing, the Court denied the Debtor's turnover motion. The Court issues this Memorandum of Decision to articulate the rationale for that determination.

### JURISDICTION

The Court has jurisdiction over this Motion under 28 U.S.C. § 157(b)(2)(E).

### ISSUE PRESENTED

      The parties agree that the key issue underlying the Debtor's demand for turnover, and the State's objection, is whether the Debtor had an interest in any claim for a refund of the sums he overpaid to the State of Vermont Department of Taxes (hereinafter "the State"), as of the date of the filing of this bankruptcy case.

### FACTS

      The material facts are not in dispute. Based upon the record and arguments in this case, the Court finds the following to be the undisputed material facts:

1. The asset which is the subject of the turnover motion is money the Debtor paid to the State from October, 2005 to June 1, 2007 for a tax obligation attributable to the 2003 tax year.
2. The Debtor owed taxes to the State for 2003.
3. The Debtor had paid the State, by way of withholdings during the 2003 tax year, sufficient funds to satisfy the Debtor's 2003 state tax obligation.

4. The Debtor failed to file a tax return for tax year 2003, prior to the due date in 2004.

5. Notwithstanding the withholdings, the State of Vermont assessed the Debtor for the 2003 tax year.

6. Based upon an agreement between the Debtor and the State, and in the absence of a filed tax return, the Debtor paid $5,878.32 to the State for the 2003 tax year, during the period from October 2003 to June 1, 2007.

7. As of June 1, 2007, when the Debtor filed his bankruptcy petition, he had not yet filed his state income tax return for 2003.

8. Shortly after filing his Chapter 13 bankruptcy case, the Debtor filed his 2003 tax return.

9. The Debtor intends to fund his Chapter 13 plan, in part, with funds collected from the State for the overpayment of 2003 taxes.

10. On September 14, 2007, the Debtor filed the instant Motion for Turnover.

See docs. ## 29, 33, 35.

### DISCUSSION

The statutory basis for the Debtor's Motion limits turnover relief to property of the estate:

> Except as provided in subsection (c) or (d) of this section, an entity that owes a debt *that is property of the estate* and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

11 U.S.C. § 542(b) (emphasis added). The statute makes clear that the Debtor is entitled to turnover only if the claim is property of the estate. See In re Armstrong, 206 F.3d 465, 472 (5th Cir. 2000). Property interests are determined by state law. See Barnhill v. Johnson, 503 U.S. 393, 398 (1992) (citing Butner v. United States, 440 U.S. 48, 54 (1979)). Thus, the Court turns to state law to determine if the Debtor had an interest in this refund claim on the date he filed his bankruptcy petition.

Under Vermont law, a taxpayer is entitled to a refund of an overpayment for a particular year only if the refund request is made within three years after the date a return is required to be filed for that tax year. The state statute provides:

> At any time within three years after the date a return is required to be filed under this chapter, or six months after a refund was received from the United States with respect to an income tax liability, or an amount of taxable income, under the laws of the United States, reported in a return filed under the laws of the United States for the taxable year, with respect to which that return was filed under this chapter, whichever is later, a taxpayer may petition the commissioner for the refund of all or any part of the amount of *tax paid with respect to the return*. . . .

32 V.S.A. § 5884(a) (emphasis added). Here, the pertinent tax return was due on April 15, 2004; thus, the time for requesting a refund expired on April 14, 2007. It is undisputed that the Debtors did not request a refund prior to that date, and that the Motion for Turnover was not filed until September 14, 2007. The Court

2

therefore finds that the Debtor had no interest in a refund from the State as of the date of filing the bankruptcy petition. Accordingly, the estate has no interest in a claim for this refund.

The Debtor asserts it is necessary to determine whether the money the Debtor paid to the State since 2005 is "tax paid with respect to the return" as described by 32 V.S.A. § 5884(a); therefore, he argues that the time period set forth in 32 V.S.A. § 5884(a) is not applicable here. The Debtor contends that since he had already paid the State the amount due for 2003 through withholdings, the payments he made between 2005 and 2007 were not actually "taxes paid with respect to a return." The Debtor has offered no case law or statutory support for his argument. The State counters that since the Debtor did not file a 2003 return, (i) the State had no means to correlate the Debtor's 2003 withholdings to the Debtor's 2003 tax obligation, (ii) the State made an assessment of taxes due for 2003, and (iii) the State applied the payments the Debtor made from 2005 through 2007 to the assessed liability for 2003. In the absence of any statutory or case law to the contrary, the Court finds persuasive the State's argument that funds paid pursuant to the assessment were "taxes paid with respect to a return." Therefore, the Court finds that § 5884(a) applies in this case, notwithstanding the fact that the tax liability is based upon an assessment rather than on a filed return.

There is no dispute that the assessment underlying the voluntary payments made by the Debtor between 2005 and 2007 was for liability incurred during tax year 2003. Nor is there a dispute that the Debtor could have filed the 2003 tax return prior to making these payments. Based upon these circumstances, the Court finds, first, that the sums the Debtor paid to the State between 2005 and 2007 were paid with respect to the 2003 return, and, second, that the Debtor had a claim for a refund based upon overpayment only if the Debtor interposed that claim within the three-year statute of limitations established by 32 V.S.A. § 5884(a).

The Debtor also arguments that federal law should control, thereby extending the Debtor's time period for filing a claim for refund. To support this argument, the Debtor relies upon 32 V.S.A. § 5820(a), which provides:

> This chapter is intended to conform the Vermont personal and corporate income taxes with the United States Internal Revenue Code, *except as otherwise expressly provided*, in order to simplify the taxpayer's filing of returns, reduce the taxpayer's accounting burdens, and facilitate the collection and administration of these taxes.

(Emphasis added.) There is no question that the Vermont statute of limitations is three years. See 32 V.S.A. § 5884(a). The federal provision the Debtor cites provides a longer time period where a debtor has not filed a return:

> Period of limitation on filing claim – Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

3

26 U.S.C. § 6511(a). The Debtor posits that since the Vermont statute articulates an intent to have the Vermont tax system in conformance with the federal tax scheme, the timeliness of the Debtor's claim should be measured against the federal statute of limitations. The Court rejects this argument.

If the Court were to apply the Debtor's rationale, the Debtor's period for filing a claim would not expire until two years after payment of the tax and would be timely if filed now. However, the specified caveat in the State's "intent to conform" statute is "except as otherwise expressly provided." The relevant state statute here, that is 32 V.S.A. § 5884(a), does so "otherwise expressly provide" the time period within which a claim for overpayment of state tax must be asserted, and is "otherwise" than the federal time-period for filing a claim. Thus, even applying the § 5820 conformance provision, in order for him to have had an interest in a claim against the State for this overpayment, the Debtor would have had to have filed a claim for refund within the time period established by § 5884(a), *i.e.*, within three years of the due date of the 2003 return.

## CONCLUSION

The Court finds that neither the Debtor nor the estate has an interest in the claim for overpayment of taxes against the State as of the date of the order for relief in this case. Accordingly, neither the Debtor nor the estate may compel turnover of the overpayment to the bankruptcy estate; thus, the Court must deny the Debtor's motion.

The Court recognizes that the result of this determination is that the Debtor has effectively paid the State his 2003 tax liability twice. However, the cause of the Debtor's overpayment was his failure to file a 2003 tax return, notwithstanding that he had at least three opportunities to do so and to avoid this outcome. He could have filed in 2004, at the time the 2003 return was due; or, he could have filed the 2003 tax return prior to entering an agreement with the State in 2005 and commencing payments on the alleged 2003 tax liability, to verify the amount due; or, he could have filed the return at any time during the 2005-2007 payment period and prior to the expiration of the three-year period for making a claim, *i.e.*, up to April 2007. Unfortunately, he did none of these. In sum, as the State so aptly put it, "The [Debtor's] noncompliance with the law was, as is often the case, a costly mistake" (doc. # 33 at 4).

November 13, 2007  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

4